NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLENE ARALY SANTIAGO REYES, | No. 22-1439 |
| Petitioner, | Agency No. A212-975-927 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023**

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Marlene Araly Santiago Reyes, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

We do not disturb the agency's determination that Santiago Reyes failed to establish she suffered harm that rises to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner's past experiences, including two beatings, even considered cumulatively, did not compel a finding of past persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Substantial evidence supports the conclusion that Santiago Reyes failed to establish a reasonable possibility of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").

Because Santiago Reyes failed to establish eligibility for asylum, she failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021).

In light of this disposition, we need not reach Santiago Reyes's remaining contentions regarding the merits of her claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT protection because Santiago Reyes failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**